### ACME LUMBER CO. v. MONTGOMERY.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

**1. FACTORS—CONVERSION—DEMAND—NECESSITY.**

Where lumber, consigned for sale for the consignor's benefit and account, was converted, by the hypothecation of a warehouse receipt therefor, for the sole benefit of the consignee, the consignor could sue for the conversion without proving a demand for redelivery and a refusal thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Factors, § 41.]

**2. SAME—EVIDENCE.**

In an action for the conversion of consigned lumber by the hypothecation of a warehouse receipt therefor, evidence that the consignee failed early in April, 1905, two or three months after the hypothecation, and that between December 1, 1904, and July, 1905, there was no time when the lumber of the kind converted was worth less than $35 per 1,000 feet, was sufficient to show the time of the conversion and the value of the lumber at that time.

Appeal from Trial Term, Kings County.

Action by the Acme Lumber Company against George F. Montgomery. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frank C. Mebane (Isaac N. Miller, on the brief), for appellant.
C. A. Mountjoy, for respondent.

RICH, J. The plaintiff consigned certain lumber to the International Mahogany Company, of New York, of which company the defendant was general manager, to be sold for the benefit and account of the consignor. Freight and other charges on this consignment were paid by the consignee, and sufficient of the lumber was sold to solvent purchasers to more than pay such advancements. The remainder of the lumber was stuck up in the yard of the consignee to permit its drying out before being placed on the market. Subsequently the defendant stored that portion of the lumber for which the plaintiff has recovered in this action in a storage warehouse, and received a warehouse receipt, which he hypothecated with the American Bonding Company, of Baltimore, as security for a bond given by it to discharge an attachment levied upon property of the International Mahogany

Company. Thereafter the International Company (the consignee) became insolvent and went into bankruptcy. The warehouse receipt was hypothecated in January or February, 1905, and the defendant testified that he conducted the hypothecation personally and was responsible for it. Thereafter, and in July, 1905, one Wickery, the sales agent of the consignee, sold some or all of this lumber to a solvent purchaser, but was unable to deliver it because of defendant's inability to procure its release.

The defendant contends that the action could not be maintained without proof of a demand and refusal to deliver, because of the fact that the possession of the consignee company was lawful. The evidence established an actual conversion by the hypothecation of the warehouse receipt for the sole benefit of the consignee, which was an unwarranted disposition of the lumber and in hostility to the purpose for which it was placed in the possession of the International Company, and proof of a demand and refusal was not a condition precedent to plaintiff's recovery; but there was sufficient evidence of demand and refusal having been made in the testimony of Wickery, if such a demand was necessary.

It is further contended that the amount of damages awarded by the jury is not sustained by the evidence, and this contention is based upon the ground that the proper measure of damages is the value of the lumber at the time of its conversion, and that there is no evidence either of the time of the conversion or of the value at that time. The defendant testified that the International Mahogany Company failed early in April, 1905, two or three months after the hypothecation of the warehouse receipt, which would make the time of the conversion in January or February, 1905. Wickery testified that between December 1, 1904, and July, 1905, there was no time when tupelo lumber of the grade and quality of that converted was worth less than $35 per 1,000 feet. I think this evidence answers the appellant's contention.

The judgment and order must be affirmed, with costs.

HOOKER, GAYNOR, and MILLER, JJ., concur. HIRSCHBERG, P. J., not voting.